UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

DONNA J. BAUER,

                    Plaintiff,

         v.

METROPOLITAN LIFE INSURANCE
COMPANY, and PROVIDENCE
HEALTH & SERVICES,

                    Defendants.

Case No. 2:08-cv-00284-LMB

**MEMORANDUM DECISION
AND ORDER**

         Before the Court is Defendant Providence Health & Services's ("Providence")
*Motion to Dismiss* (Docket No. 54) and Defendant Metropolitan Life Insurance
Company's ("Met Life") *Motion to Dismiss Certain Claims* (Docket No. 55).  Pursuant to
Federal Rule of Civil Procedure 12(b)(6), Defendants request summary dismissal of
Bauer's Amended Complaint (Docket No. 48).

         In large part, both Defendants argue that the principles of Federal Rule of Civil
Procedure 8, describing the requirements of a "well-pleaded complaint," require that
Bauer's complaint be dismissed for failing to adequately set forth a "short and plain
statement of the claim showing that the pleader is entitled to relief."  Defendants also
argue that a higher pleading standard applies to Bauer's fraud and punitive damages
claims.  Providence, moving for complete dismissal, argues that it is not a proper party to

**MEMORANDUM DECISION AND ORDER  - 1 -**

this litigation and that Bauer does not and can not allege an adequate factual basis for asserting a claim against it.  Drawing support from the same law, Met Life argues for dismissal of Bauer's bad faith, fraud, and punitive damages claims.  At this, the motion to dismiss stage, Met Life does not move to dismiss Bauer's remaining claims alleging improper denial of benefits and breach of contract.

The Court heard oral argument on May 10, 2010, and took the motions under advisement.  (Docket No. 63).  After conducting a careful review of Bauer's *Amended Complaint*, considering each of the parties' briefs, oral arguments of counsel, conducting its own independent legal research, and applying the governing legal authorities, the Court issues the following Memorandum Decision and Order.

## BACKGROUND

### 1.  Factual Background

Bauer was a full time employee of Providence.  As an employee, Bauer was eligible for accidental death and dismemberment benefits under a group insurance policy ("the Plan") issued by Met Life, for the benefit of Providence employees.  Particularly, this policy provided for accidental death benefits payable to Bauer in the event of the death of her husband, Terry Bauer.

On October 15, 2007, Terry Bauer fell down the stairs at his home resulting in serious personal injuries including a fracture to the head of his right femur.  Four days later, on October 19, 2007, while in the hospital he suffered a fatal pulmonary embolus and died.

**MEMORANDUM DECISION AND ORDER  - 2 -**

Bauer filed a claim for accidental death benefits which was denied initially and again on review.  Bauer alleges in her initial complaint that "Defendants" denied her claim. Bauer does not specify, however, which, or if both, Defendants denied the claim. Pursuant to stipulation (Docket No. 43), Bauer filed an amended complaint alleging claims against both Defendants for: (1) improper denial of benefits pursuant to 29 U.S.C. 1132(a)(1)(B); (2) breach of contract; (3) breach of good faith and fair dealing; (4) fraud; and (5) punitive damages.

## 2. Procedural Background

Bauer filed this action on July 8, 2008.  Defendants, having failed to plead or otherwise defend, a clerk's default was entered on September 16, 2008.  *Clerk's Entry of Default* (Docket No. 9).  Shortly thereafter, Defendants appeared and filed a motion to set aside the defaults (Docket Nos. 11–15), which was granted on January 30, 2009.  *Order* (Docket No. 22).  Pursuant to stipulation, Bauer's amended complaint was filed on September 1, 2009.  *Amended Complaint* (Docket No. 48).

## ANALYSIS

## 1. Standard of Review

Put simply, a Rule 12(b)(6) motion to dismiss tests the sufficiency of a party's claim for relief.  When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards.  Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*  Notably,

**MEMORANDUM DECISION AND ORDER  - 3 -**

however, Bauer's fraud claims must be plead "with particularity."  Fed. R. Civ. P. 9.  In

addition, Idaho law requires specific procedural and substantive pleading standards when

seeking a claim for punitive damages.  *See Strong v. Unumprovident Corp.*, 393 F. Supp.

2d 1012, 1025 (D. Idaho 2005) ("The question of whether to permit a claim for punitive

damages is substantive in nature and accordingly is controlled by relevant Idaho case

law." ); Idaho Code § 6-1604.

### A.  The Rule 8 notice pleading standard under *Conley v. Gibson*

Under the pleading standard of Rule 8(a)(2), a complaint must include "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Prior to 2007,

the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), provided

that, under Rule 12(b)(6), "a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim, which would entitle him to relief."

As a result of the *Conley* standard, a complaint would be dismissed only if it was

legally deficient.  *Id*.  As the Ninth Circuit noted, "[d]ismissal for failure to state a claim

is proper only if it appears to a certainty that the plaintiff would be entitled to no relief

under any state of facts that could be proved."  *Kelson v. City of Springfield*, 767 F.2d

651, 653 (9th Cir. 1985).  Thus, until 2007, a complaint's lack of specific factual

allegations was usually a non-factor at the Rule 12(b)(6) motion to dismiss stage.  In the

Court's view, that long-standing pleading standard was based on the principle that  "all

pleadings shall be so construed as to do substantial justice."  Fed. R. Civ. P. 8(f).

**MEMORANDUM DECISION AND ORDER  - 4 -**

### B.  Rule 8 after *Twombly* and *Iqbal*

#### 1.  *Bell Atlantic v. Twombly*

In 2007, the United States Supreme Court changed the legal landscape considerably when it decided *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  By way of summary, the plaintiffs in *Twombly*, a putative class, sued four major telecommunications companies for antitrust violations under the Sherman Act.  *Id*. at 549.  However, the allegations in the *Twombly* complaint were held to be inadequate.  Plaintiffs alleged, in a conclusory fashion, that the defendants in that action had an "agreement" to not compete and fix prices through "parallel conduct."  *Id*. at 566.  The Supreme Court held that the plaintiffs' complaint failed to "set forth a single fact" supporting the allegation that such an agreement existed.  *Id*. at 561–62.  Although the complaint alleged a seven-year span of conduct, it "mentioned no specific time, place, or persons involved in the alleged conspiracies."  *Id*. at 565.

This shortage of factual detail proved fatal to the *Twombly* plaintiffs' case.  Facing nothing more than what were described as "conclusory assertions," the Supreme Court held that dismissal was required because "parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  *Id*. at 557.  In reaching this conclusion, the Supreme Court also retired the "no set of facts" language from *Conley*, which the Court concluded "is best forgotten as an incomplete, negative gloss on an accepted pleading standard."  *Id*. at 563.

**MEMORANDUM DECISION AND ORDER  - 5 -**

Instead, the Supreme Court styled a new Rule 12(b)(6) "plausibility standard," holding that a complaint must offer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.  The Court explained that this standard requires "more than labels and conclusions, and [that] a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  To determine the level of factual detail needed, the Supreme Court concluded that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*.   In sum, the Court held that the plaintiffs in *Twombly* had "not nudged claims across the line from conceivable to plausible," and, thus, their complaint was dismissed.  *Id*. at 570.

### 2. *Ashcroft v. Iqbal*

In May 2009, the Supreme Court decided *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explaining that the "plausibility" standard in *Twombly* applies to "all civil actions." *Id*. at 1953.

In *Iqbal*, a Pakistani detainee sued former U.S. Attorney General John Ashcroft and former F.B.I. Director Robert Mueller alleging unlawful and purposeful discrimination and violation of his constitutional rights. *Id*. at 1942–44.  Iqbal alleged that Ashcroft and Mueller instituted and adopted policies that unconstitutionally discriminated against him while he was housed in a special maximum security prison after the terrorist attacks of September 11, 2001. *Id*.  The *Iqbal* complaint included 21

**MEMORANDUM DECISION AND ORDER  - 6 -**

causes of action and named "34 current and former federal officials and 19 'John Doe' federal corrections officers [as defendants]." *Id.* at 1943.

The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. In a sharply divided Court, the five Justice majority stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, under *Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* Further, the Court discussed the "[t]wo working principles" adopted in *Twombly*. *Id.* at 1940. First, it noted, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Second, the Supreme Court reiterated that "only a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." *Id.* at 1950 (internal citations omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not

**MEMORANDUM DECISION AND ORDER  - 7 -**

shown - that the pleader is entitled to relief."  *Id.* (internal citations omitted).  Thus,

following *Twombly* and *Iqbal*, it is clear that a heightened pleading standard applies to all

civil cases filed in federal court.[1]

### 3.  *The "plausibility" standard*

Other courts in the Ninth Circuit have also provide guidance as to how the

"plausibility" standard applies.  *See, e.g., Delta Mech., Inc. v. Garden City Group, Inc.*,

345 Fed.Appx. 232 (9th Cir. 2009), *Falcocchia v. Saxon Mortgage, Inc.*, __ F.Supp.2d

__, 2010 WL 582059 (E.D. Cal. 2010), *Torne v. Republic Mortgage LLC*, No. 09-2445,

2010 WL 1904507 (D. Nev. 2010), *Slockish v. U.S. Fed. Highway Admin.*, 682 F.Supp.2d

1178 (D. Or. 2010).  These Ninth Circuit courts, along with courts in several other

circuits, have adopted the two-step approach for deciding a Rule 12(b)(6) motion to

dismiss.  *See, e.g.,  Sanchez v. U.S.*, No. 09-1260, 2010 WL 1626118, D. P.R. March 31,

2010) (First Circuit), *Kovarik v. Downey*, No. 09-1646, 2010 WL 2294523 (M. D. Pa.

June 4, 2010) (Third Circuit), *Matthews v. Novant Health, Inc.*, No. 09-494, 2010 WL

2131559 (W. D. N.C. April 29, 2010) (Fourth Circuit),  *Lucarino v. Con-Dive, LLC*, No.

09-2548, 2010 WL 786546 (S.D. Tex March 05, 2010) (Fifth Circuit),  *Cincinnati Ins.

Co. v. Stolzer*, No. 09-396, 2010 WL 481298 (E. D. Mo. February 05, 2010) (Eight

---

[1]  Although not expressly addressed by the Supreme Court, it is reasonable to conclude
that the new pleading standard pronounced in *Twombly* and *Iqbal* apply to any claim for relief
regardless whether filed by a plaintiff, a defendant or any other party.  The operative word in
Rule 8(a)(2) is "pleader," and in Rule 12(b) the operative phrase is "in any pleading."  In this
Court's well-formed view, the heightened pleading standards established in *Iqbal* and *Twombly*
are not limited only to a plaintiff's claim for relief.

**MEMORANDUM DECISION AND ORDER  - 8 -**

Circuit), *Grosharev v. Wilson's Ltd., Inc.*, No. 308-1219, 2010 WL 2136434 (M. D. Fla. May 27, 2010) (Eleventh Circuit).

First, a district court must accept as true all non-conclusory, factual allegations made in the complaint. *Iqbal*, 129 S.Ct. at 1950, *Erickson v. Pardus*, 551 U.S. 89 (2007). Based upon these allegations, a federal trial court examining a complaint for sufficiency of information must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

After any conclusory statements have been removed, the district court must then analyze the remaining factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Delta Mech., Inc.*, 345 Fed. Appx. at 234. The Supreme Court noted that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative  level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. In sum, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**MEMORANDUM DECISION AND ORDER  - 9 -**

In discussing this standard, a recent Tenth Circuit Court of Appeals opinion stated that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).   In this way, while "[s]pecific facts are not necessary," a plaintiff must allege enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam* ) (internal citation omitted).

## C.  Pleading Standard for Fraud Claims

Federal Rule of Civil Procedure 9(b) expressly requires that fraud be pleaded with "particularity."   It is well-established that "[a] pleading is sufficient under Rule  9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. *Id.*  Additionally, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).  Finally, "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the

role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* at 765 (*citing Moore*, 885 F.2d at 541).

### D.  Procedural and Pleading Standards for Punitive Damages Claims

Claims for punitive damages are substantive in nature and Idaho law is controlling. *See Strong v. Unumprovident Corp.*, 393 F. Supp. 2d 1012, 1025 (D. Idaho 2005) ("The question of whether to permit a claim for punitive damages is substantive in nature and accordingly is controlled by relevant Idaho case law." (citing *Doe v. Cutter Biological*, 844 F. Supp. 602, 610 (D. Idaho 1994))); *Windsor v. Guarantee Trust Life Ins. Co.*, 684 F.Supp. 630, 633 (D. Idaho 1988) ("After careful review of the applicable authorities, the Court holds that § 6-1604(2) is substantive in nature and therefore controlling in federal court in a diversity case.").

Idaho Code § 6-1604 allows the trial court to grant a motion to amend to seek punitive damages only if, "after weighing the evidence presented, the court concludes that, the moving party has established . . . a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  Later, at the trial stage, an award of punitive damages is permissible only where the claimant proves, "by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted."  *Id.*  But first, before allowing a party to allege a claim for punitive damages, there is a statutorily mandated requirement that a hearing be held.  Pointedly, "after weighing the evidence presented," has been interpreted to mean that a hearing must be held before a complaint may be amended to add a claim

**MEMORANDUM DECISION AND ORDER  - 11 -**

for punitive damages.  *See Doe v. Cutter Biological*, 844 F.Supp. 602, 609 (D. Idaho 1994).

**2.  Discussion**

Providence moves for dismissal of all claims and Met Life moves for dismissal of Bauer's breach of good faith and fair dealing, fraud and punitive damages claims.  The sufficiency of the allegations for each claim, as previously noted, will be examined here and the appropriate standard of review will be applied.

**A.  ERISA and Breach of Contract Claims against Providence**

Providence contends that Bauer fails to adequately plead her ERISA and breach of contract claims under Rule 8.  Providence argues that Bauer's causes of action and recitation of the facts in her amended complaint attempts to create an "insurer/insured" relationship or contractual relationship that has not and can not be alleged by Bauer.  Put another way, Providence argues that "[n]one of [Bauer]'s causes of action states a claim against Providence."  Finally, Providence paints Bauer's breach of contract claims as "alternative claims for relief" that should be dismissed for the same reasons.

Bauer responds that the Plan cloaks Providence with authority to answer all questions regarding insurance benefits and assist with processing claims.  Bauer further argues that  Providence has discretionary authority to interpret the terms of the Plan and is a fiduciary of the Plan.  In the alternative, Bauer argues that she should be given the opportunity to again amend her complaint to meet the pleading standards if it is found to be inadequate.

**MEMORANDUM DECISION AND ORDER  - 12 -**

Of importance to Providence's argument is their contention that Met Life is the sole administrator of the Plan.  Bauer disputes this contention, pointing to the fact that Providence is listed under a section labeled "name and address of employer and Plan administrator." *Exhibit B to Providence's Motion*, p. 54 (Docket No. 54-3).  Providence characterizes this argument as being taken out of context, reasoning that "[t]he Court need only review the Certificate to determine, as a matter of law, that the Certificate provided that Met Life and not Providence had the authority to and in fact made the benefit decision at issue here." *Providence Reply*, 5 (Docket No. 59).

With respect to 29 U.S.C. § 1132(a)(1)(B), the Ninth Circuit has held that the subsection "authorizes actions to recover benefits against the Plan as an entity . . . and against the Plan's administrator." *Ford v. MCI Commc'ns Health & Welfare*, 399 F.3d 1076, 1081 (9th Cir. 2005); *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 756 (9th Cir. 2001).  ERISA defines a Plan administrator as "the person specifically so designated by the terms of the instrument under which the Plan is operated."   29 U.S.C. § 1002(16)(A)(i).  The Plan in this case, as referenced above, unambiguously refers to Providence as the Plan administrator and, contextually, Met Life as the claims administrator.  *See Exhibit B in Support of Providence Motion*, 52 (Docket No. 54-2) (listing Providence under the heading "Name and Address of Employer and Plan Administrator.").

In the case at hand, for purposes of determining whether Bauer adequately states a claim for relief under § 1132(a)(1)(B), the Court concludes for purposes of the instant

**MEMORANDUM DECISION AND ORDER  - 13 -**

motion that Providence is a Plan administrator as contemplated by ERISA's definition. The certificate of insurance also refers to Providence as the Policyholder. *Id*. at 3.   The summary Plan description, labeled as "additional information," attached to the certificate, states, under the heading "Type of Administration[,]" that "[t]he above listed benefits are insured by Metropolitan Life Insurance Company." *Id*.  The description, beyond labeling Providence as "administrator," gives it, as employer, the right to "change or terminate the Plan at any time." *Id*.  Consequently, for pleading purposes and the instant motions to dismiss, Providence's designation and identification as the Plan administrator satisfies the requirements of § 1002(16)(A)(i).

Further, in reviewing Bauer's ERISA and Breach of Contract claims, the Court has accepted as true "all non-conclusory, factual allegations made in the complaint." *Iqbal*, 129 S.Ct. at 1950.  Based upon Bauer's allegations in her amended complaint, and drawing all reasonable inferences in her favor, the recitation of facts "plausibly suggest an entitlement to relief." *Delta Mech., Inc*., 345 Fed. Appx. at 234.  Accordingly, this portion of Providence's motion to dismiss (Docket No. 54) will be denied.

## B.  Claim for Breach of Good Faith and Fair Dealing

Both Defendants move to dismiss Bauer's claim for breach of good faith and fair dealing.  (Docket Nos. 54–55).  Defendants argue that Bauer "has utterly failed to satisfy the heightened pleading standards of *Twombly* and [*Iqbal*]." *Met Life's Brief in Support*, 6–7 (Docket No. 55).  Specifically, Defendants contend that Bauer merely offers a "conclusory statement" that Defendants breached their duty of good faith and fair dealing.

**MEMORANDUM DECISION AND ORDER  - 14 -**

Responding to both motions at once, Bauer argues that she has adequately alleged claims for relief. *Bauer's Response*, 3 (Docket No. 57). Bauer argues that "the Complaint taken as a whole contains ample facts describing defendants' bad faith, specifically that the decedent's death constituted an accident, that defendants were presented with this fact, that defendants wholly failed to consider Bauer's evidence and intentionally/unreasonably denied accidental death benefits." *Id.* According to Bauer, "[t]hese facts certainly create a plausible bad faith claim on their face, particularly once this Court takes into consideration the context of this suit and draws upon its own expertise and sound judgment." *Id.*

Idaho Courts have consistently held that "[a]n implied duty of good faith and fair dealing exists between insurers and insureds in every insurance policy." *Mortensen v. Stewart Title Guar. Co.*, __ P.3d __, 2010 WL 1643997 (Idaho, 2010). A tort claim for breach of the implied covenant of good faith and fair dealing has been referred to as a "bad faith claim" or "insurance bad faith." *See Rice v. Union Central Life Ins. Co.*, No. CV-05-216-S-BLW, 2006 WL 3523538 at *6 (D. Idaho Dec. 6, 2006) (referring to the plaintiff's claim for breach of the implied covenant of good faith and fair dealing as a bad faith claim); *Hettwer v. Farmers Ins. Co. of Idaho*, 118 Idaho 373, 797 P.2d 81 (1990).

To demonstrate bad faith under Idaho law, Bauer must show: (1) Defendants intentionally and unreasonably denied payment of Bauer's claims; (2) the claim was not fairly debatable; (3) Defendants' denial of Bauer's claim was not the result of a good faith mistake; and (4) the resulting harm was not fully compensable by contract damages.

**MEMORANDUM DECISION AND ORDER - 15 -**

*Strong v. Unumprovident Corp.*, 393 F.Supp.2d 1012, 1024 (D. Idaho 2005) (*citing*

*Simper v. Farm Bureau Mutual Ins. Co. of Idaho*, 132 Idaho 471, 974 P.2d 1100, 1103

(1999)).

 After a careful review of Bauer's amended complaint, the Court concludes that her

allegations of good faith and fair dealing are only recitations of the elements of a claim

for bad faith denial of an insurance claim under Idaho law.  In this section of her amended

complaint, only paragraphs 5.3 and 5.4 allege some statements of fact or event.

Paragraph 5.2 alleges an insurance company's legal duty to an insured.  Paragraph 5.3

alleges the factual statement that a claim was filed by Bauer following her husband's

death.  Paragraph 5.4 alleges a mix of legal and factual statements to the effect that

Defendants delayed and denied Bauer's claim, but generally alleges a legal conclusion

that Defendants breached their duty to her.  Likewise, paragraph 5.5 contains general

statements of damage, causation and jurisdiction.  Each of the other three paragraphs

contain only legal standards and conclusions.

 As previously discussed, "in considering the plaintiff's factual allegations, courts

should not accept adequate abstract recitations of the elements of a cause of action or

conclusory legal statements."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  In this

instant action, Bauer's bad faith claim against Defendants does not meet the *Iqbal*

pleading standard, because all that has been alleged is a formulaic recitation of the

elements of the cause of action and nothing more.  The denial of an insurance claim and a

claimant's disagreement with the decision does not automatically equate to bad faith.  To

**MEMORANDUM DECISION AND ORDER  - 16 -**

avoid dismissal, Bauer must allege some facts to demonstrate that her claim was unreasonably denied.  Otherwise, Defendants are not put on notice of what, if any action they took, or failed to take, that constituted breach of the covenant of good faith and fair dealing.  Accordingly, Bauer's claim for breach of good faith and fair dealing will be dismissed without prejudice.

### C.  Fraud Claim

As previously noted, Federal Rule of Civil Procedure 9(b) requires that a party plead fraud "with particularity the circumstances constituting fraud . . . ."  In the Ninth Circuit, a pleading satisfies the particularity requirement "if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866 (9th Cir. 1977) (*quoting Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973)); *see also Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) ("Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.").

Here, the allegations in Bauer's amended complaint are inadequate to state a fraud claim under the particularity pleading standard of Rule 9.  The amended complaint does not identify either Defendant with particularity, or allege facts informing either Defendant of the allegations surrounding their respective participation in the alleged fraud without reference to the circumstances surrounding each misrepresentation, such as the time,

**MEMORANDUM DECISION AND ORDER  - 17 -**

place and nature of the allegedly fraudulent representations, and the identity of the

persons making them.

Notably, while Rule 9(b) requires particularity when pleading "fraud or mistake,"

it allows "other conditions of a person's mind [to] be alleged generally."  Fed. R. Civ. P.

9.  Specifically, Rule 9 states that "[m]alice, intent, knowledge and other conditions of a

person's mind may be alleged generally."  *Id*.  This provision "excuses a party from

pleading discriminatory intent under an elevated pleading standard."  *Iqbal*, 129 S.Ct. at

1941.  However, "[i]t does not give [Plaintiff] license to evade Rule 8's less rigid, though

still operative, strictures."  *Id*.

Bauer claims that "[Defendants] willfully, maliciously, and fraudulently continued

to refuse Bauer's claim."  *Amended Complaint* (Docket No. 48).  While certainly "alleged

generally," these allegations, regarding Defendants' state of mind, "do nothing more than

state a legal conclusion–even if that conclusion is cast in the form of a factual allegation."

*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Accordingly, because Bauer's amended complaint does not meet the particularity

standard when pleading fraud, as well as the Rule 8 plausibility standard, her fraud claim

will be dismissed without prejudice.

### D.  Claim for Punitive Damages

In this case, notwithstanding the stipulation of the parties to allow the amendment

of the complaint, Bauer has not made the necessary showing required under Idaho law to

support a claim of punitive damages to even be alleged.  Idaho Code § 6-1604 mandates

**MEMORANDUM DECISION AND ORDER  - 18 -**

that before a claim of punitive damages be asserted, Bauer must first seek leave to amend *and* make a showing, "after a hearing before the court, . . . a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6-1604. While Bauer's prayer for relief seeking punitive damages was made "pursuant to a pretrial motion [to amend]," and upon stipulation of the opposing parties, it was not made "after [an evidentiary] hearing before the court" as required by I.C. § 6-1604.

Further, in order to make a motion for leave to amend to seek a claim for punitive damages, there must be enough evidence in the record that indicates at least one Defendant engaged in conduct that was an extreme deviation from reasonable standards and acted with a harmful state of mind when Bauer's claim for benefits was denied. There is no such evidence in the record.  Nor is there evidence of Bauer's state of mind with regard to "the manner in which Defendants' advertise, sell, investigate, adjust, and ultimately rescind these accidental death policies." *See Bauer's Response*, 5–6 (Docket No. 57).  Upon consideration of the lack of evidence in the record to support a claim for punitive damages, the Court finds, and thus concludes, that Bauer has not established a reasonable likelihood of proving by a preponderance of the evidence the requisite "extremely harmful state of mind" and "extreme deviation from reasonable standards" necessary to amend the pleadings or go forward on a claim for punitive damages. *See Kuntz*, 385 F.3d at 1187.  Accordingly, Bauer's claim for punitive damages will be dismissed without prejudice.

**MEMORANDUM DECISION AND ORDER  - 19 -**

The parties are advised, however, that "[a] prayer for [punitive damages] shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed."  I.C. § 6-1604.  Thus, if proper evidence is discovered, Bauer may move at a later time to amend her complaint to assert a claim for punitive damages.

### E.  Leave to Amend

In circumstances such as those presented here, Rule 15 of the Federal Rules of Civil Procedure provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The rule goes on to state that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."  Fed. R. Civ. P. 15(d).

It is within the sound discretion of the district court to grant or deny leave to amend.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Id*.

**MEMORANDUM DECISION AND ORDER  - 20 -**

In response to Defendants' motions, Bauer requests, as an alternative to dismissal, leave to amend her complaint.  Defendants argue that Bauer' claims should be dismissed with prejudice because "[a]ny effort to amend the . . . claim would be an exercise in futility."  *See Met. Life Motion*, 10 (Docket No. 55).

It is well established that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman*, 178 U.S. at 182.  At this early stage of the proceedings, where the sufficiency of the pleadings is being challenged, dismissal with prejudice of Bauer's claims of bad faith and fraud would be an abuse of discretion.  While amendment of the pleadings may well prove to be an exercise in futility, as argued by Defendants, the principles of fairness and justice dictate Bauer be allowed to amend her complaint to conform with the applicable pleading standards.  *See Iqbal*, 129 S.Ct. at 1954 (" The Court of Appeals should decide in the first instance whether to remand to the District Court so that respondent can seek leave to amend his deficient complaint."); *see also* Fed. R. Civ. P. 8(e) which provides that "[p]leadings must be construed so as to do justice."

Accordingly, Bauer may seek leave to amend her complaint by filing a motion and attaching a proposed second amended complaint by July 23, 2010, or elect to proceed only with her ERISA and breach of contract claims.

**MEMORANDUM DECISION AND ORDER  - 21 -**

## ORDER

Accordingly, IT IS ORDERED THAT:

1.      Providence's *Motion to Dismiss* (Docket No. 54) is GRANTED IN PART

   and DENIED IN PART:

   A.      Providence's motion is GRANTED to the extent that Bauer's claims

      for breach of good faith and fair dealing (third cause of action), fraud

      (forth cause of action), and punitive damages (fifth cause of action)

      are DISMISSED without prejudice;

   B.      In all other respects, Providence's motion is DENIED.  Bauer may

      proceed with her ERISA (first cause of action) and breach of

      contract claims (second cause of action) against Providence;

2.      Met Life's *Motion to Dismiss Certain Claims* (Docket No. 55) is

   GRANTED to the extent that  Bauer's third, fourth and fifth causes of

   action are DISMISSED without prejudice;

3.      Bauer is allowed until July 23, 2010, to file a motion to amend her claim for

   breach of good faith and fair dealing and her claim for fraud.

DATED:  **June 23, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 22 -**